RECEIVED
AUG 1 1 2014 NB
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| Acela Romanello | ) | |
| | ) | |
| Vs. | ) | Case No. 5:14-CV-452-BO |
| | ) | TRIAL BY JURY DEMANDED |
| Summer Place Home Owners Assoc. | ) | |
| Of Raleigh, Inc.; | ) | |
| Sentry Management, Inc. | ) | |

COMPLAINT FOR VIOLATIONS OF THE F.D.C.P.A., 15 U.S.C. sec. 1692 et seq., AND THE N.C.D.C.A. sec. 75-50 et seq.

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. sec. 1331, and pursuant to 15 U.S.C. sec. 1692k(d).

2. Jurisdiction of this Court over the state law claims alleged herein arises under 28 U.S.C. sec. 1367.

3. Venue is proper in the eastern district of North Carolina because the events giving rise to this claim occurred here and defendants transact business in this district, pursuant to 28 U.S.C. sec. 1391(b).

4. This case is brought within the one year of the violations in compliance with the statute of limitations contained in 15 U.S.C. sec. 1692k(d).

5. All conditions precedent to the bringing of this action have been performed, including trying to amicably settle this matter.

PARTIES

6. Acela Romanello is a natural person that resides in Knightdale, NC, and is a "consumer" as defined by the Fair Debt Collection Practices Act (hereafter "FDCPA") 15 U.S.C. sec. 1692a(3) and the North Carolina Debt Collector Act (hereafter "NCDCA") North Carolina General Statutes ("N.C.G.S.") sec. 75-50(1).

7. Upon information and belief Defendant Summer Place Home Owners Assoc. of Raleigh, Inc. (hereafter "Summerplace") is a corporation with a mailing address at 2180 W. State Rd. 434, Ste. 5000, Longwood FL 32779 and a principal office address at 3700 National Dr., Ste. 203, Raleigh, NC 27612.

8. Summerplace engages in the collection of consumer debts using the mail or the North Carolina court system.

9. Home owners association dues and assessments are "debts" within the meaning of N.C.G.S. sec. 75-50(2) and F.D.C.P.A. 15 U.S.C. 1692a(5).

10. Summerplace engagement in debt collection from a consumer falls within the N.C.G.S. sec. 75-50(3) statutory definition of "debt collector" and by the F.D.C.P.A., 15 U.S.C. sec. 1692a(6).

11. Summerplace's actions in the collection of dues and assessments are in or affecting commerce, pursuant to N.C.G.S. sec. 75-1.1(b).

12. Sentry Management, Inc. (hereafter "Sentry") is a corporation operating from an address located at 2180 W. State Rd. 434, Ste. 5000, Longwood FL 32779 and may be served with process upon their registered agent, the Corporation Service Company, 327 Hillsborough St., Raleigh NC 27603 as listed with the North Carolina Secretary of State.

13. Sentry engagement in debt collection from a consumer falls within the N.C.G.S. sec. 75-50(3) definition of "debt collector" and by the F.D.C.P.A. definition, 15 U.S.C. sec. 1692a(6).

14. Among Sentry's regular day to day business activities is the collection of dues and assessments authorized by Summerplace, and are in or affecting commerce pursuant to N.C.G.S. sec. 75-1.1(b).

## FACTUAL ALLEGATIONS

15. On July 18, 2013 Sentry mailed a letter to Plaintiff in regards to an alleged debt of Summerplace Home Owner Association dues for the period July 2013 to December 2013 for an alleged $246. See Exh. A

16. Plaintiff's house was sold in a foreclosure auction on November 20, 2012, and on January 11, 2013 the foreclosing bank, BankUnited, transferred the Deed and recorded it at the Register of Deeds of Wake County. See Exh. B

17. Defendants Summerplace and Sentry illegal collection efforts were highly upsetting to Plaintiff, causing her to suffer emotional distress, anger and frustration, after having to go through a foreclosure sale on the house the previous year, and besides, these companies stopped being original creditors to become debt collectors of an alleged debt.

18. Sentry's letter stated that it was an attempt to collect a debt, and that Plaintiff had thirty (30) days to dispute the debt.

19. On August 12, 2013, Plaintiff mailed a Debt Validation/Notice of Dispute letter via certified mail No. 7012-3050-0000-6693-7845 that was received by Mr. Nicholas Reed of Sentry on August 15, 2013. See Exh. C

20. After receiving the Debt validation/Dispute letter, Sentry sent another request for payment on August 21, 2013, continuing collection without doing

any verification or validation of the disputed debt, violating the F.D.C.P.A. 15 U.S.C. sec. 1692g(b), see Exh. D, and insisted again with another letter on August 26, 2013 asking payment for the alleged debt. See Exh. E

21. Defendants acted in a false, deceptive and unfair manner engaging in an attempt to collect this alleged, non existing debt.

22. Defendants knew or should have known that their actions would trigger violations for the F.D.C.P.A. and the N.C.D.C.A., and should have taken the necessary steps to bring them within compliance of the law.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully request a trial by jury on all issues so triable. U.S. Constitution Amend. 7, Fed. R. Civ. P. 38

## FIRST CLAIM FOR RELIEF

(F.D.C.P.A. 1692 et seq. against Summerplace and Sentry)

24. Plaintiff realleges above paragraphs incorporated herein by reference.

25. At all times relevant hereto, Defendants Summerplace and Sentry were attempting to collect an alleged debt which was for household purposes, and dues and assessments are a "debt" as defined by 15 U.S.C. sec. 1692a(5).

26. Defendants violated U.S.C. 15 sec. 1692g(b) in that they continued the attempt to collect, and requested payment a second time, without first doing a verification of the disputed debt.

27. Defendants Summerplace and Sentry violated 15 U.S.C. sec. 1692e(2)(A) "the false representation of the character, amount or legal status of any debt", in that Plaintiff didn't owe a $246 debt.

28. Defendants violated 15 U.S.C. sec. 1692e(10), "any false representation or deceptive means to collect a debt", in that Plaintiff didn't own the house and didn't owe any money.

29. As a result of Defendants actions or omissions, Plaintiff is entitled to statutory damages in an amount of up to $1,000 pursuant to 15 U.S.C. sec. 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. sec. 1692k(a)(3).

## SECOND CLAIM FOR RELIEF

(N.C.D.C.A., N.C.G.S. sec. 75-50 et seq. against Summerplace and Sentry)

30. Plaintiff realleges above paragraphs incorporated herein by reference.

31. Defendants Summerplace and Sentry debt collection activities were in or affecting commerce in the state of North Carolina proscribed by N.C.G.S. sec. 75-1.1

32. Defendants didn't take the necessary steps to comply with Federal and State laws in the collection of the disputed alleged debt, and that resulted in an unconscionable and unfair act, in violation of N.C.G.S. sec. 75-55.

33. Defendants falsely represented the character, extent or amount of a debt against a consumer, in violation of N.C.G.S. sec. 75-54(4) by falsely requesting an alleged $246 debt from Plaintiff.

34. Pursuant to N.C.G.S. sec. 75-56(a), Defendants violations in the area of commerce regulated by that article, constitute a violation of the North Carolina Unfair Trade Practices Act, proscribed by N.C.G.S. sec. 75-1.1

35. As a result of Defendants actions or omissions, Plaintiff is entitled to recover statutory damages of up to $4,000 for each violation pursuant to N.C.G.S. sec. 75-56(b), and attorney's fees and other costs pursuant to N.C.G.S. sec. 75-16.1

## THIRD CLAIM FOR RELIEF

(Punitive damages- N.C.G.S. sec. 1D-1)

36. Plaintiff realleges above paragraphs incorporated herein by reference.

37. Defendants Summerplace and Sentry's above-alleged statutory violations of the N.C.D.C.A. were committed deliberately and in wanton disregard for Plaintiff's rights.

38. As a result of Defendants conduct, Plaintiff is entitled to the recovery of punitive damages pursuant to N.C.G.S. sec. 1D-1, in such an amount as is deemed sufficient to punish Defendants for their egregiously wrongful acts and to deter them from engaging in such further conduct in the future, that could affect other unsophisticated consumers that would innocently pay on an alleged but non existent debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That the Court enter judgment in favor of Plaintiff against Defendants Summerplace and Sentry jointly and severally:

    a) for statutory damages of $1,000 pursuant to the F.D.C.P.A. 15 U.S.C. sec. 1692k(a)(2)(A);

    b) for costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. sec. 1692k(a)(3); and

2. That the Court enter judgment in favor of Plaintiff and against Defendants:

    a) for statutory damages of $4,000 for each violation of the N.C.D.C.A. pursuant to N.C.G.S. sec. 75-56(b)

b) for the costs of litigation and reasonable attorney's fees against both Defendants, jointly and severally, pursuant to N.C.G.S. sec. 75-56 and N.C.G.S. sec. 75-16.1; and

c) for punitive damages, pursuant to N.C.G.S. sec. 1D-1 in an amount determined at trial.

3. That this matter be tried by a jury; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th of August, 2014

Acela Romanello          /Acela Romanello/

5317 Cottage Bluff Ln.

Knightdale, NC 27545

919-649-4494

tangogaucho@gmail.com

# VERIFICATION

The undersigned verify, under penalty of perjury, that she has reviewed the aforementioned complaint and assert that the allegations therein are true and based on personal knowledge or averred based on information and belief that the same are true.

This the __9__ day of August, 2014

_Acela Romanello_

Acela Romanello

NOTARY PUBLIC

Sworn to and subscribed:

_[signature]_

My Commission expires: 3/6/2016

> Steven Kyle Williams
> Notary Public
> Wake County, NC
> My Commission Expires March 6, 2016