IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

```
ACELA ROMANELLO,              )
     Plaintiff                )
                              )
     v.                       )    Case No.  5:14-CV-452-BO
                              )
SUMMER PLACE HOME OWNERS      )
ASSOCIATION OF RALEIGH, INC.  )
and SENTRY MANAGEMENT, INC.,  )
     Defendants               )
```

**ANSWER TO THE COMPLAINT**

NOW COMES Defendant Summer Place Homeowners Association Of Raleigh, Inc., by and through the undersigned counsel, and responds to the Complaint For Violations Of The F.D.C.P.A., 15 U.S.C. sec. 1692 et seq., And The N.C.D.C.A. sec. 75-50 et seq. ("the Complaint") as follows:

**RESPONSE TO NUMBERED ALLEGATIONS OF THE COMPLAINT**

1.  The allegations contained in paragraph 1 of the Complaint are admitted.

2.  The allegations contained in paragraph 2 of the Complaint are denied.  In particular, although 28 U.S.C. sec. 1367 permits pendent state claims, the Fair Debt Collection Practices Act 15 U.S.C. sec. 1601 pre-empts the asserted state law claims.  If Plaintiff has a valid claim under 15 U.S.C. sec. 1601 et seq., it preempts the state law claim; if it does not have a valid claim under 15 U.S.C. sec. 1601 et seq., there can

1

be no pendent jurisdiction over the state law claims; and, therefore, there is no jurisdiction over the state law claims.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

5. The allegations contained in paragraph 5 of the Complaint are denied.

6. It is admitted by Defendants, on information and belief, that Plaintiff is a natural person residing in Knightdale, North Carolina. Except as herein admitted on information and belief, the allegations contained in paragraph 6 of the Complaint are admitted.

7. It is admitted by Defendants that Defendant Summer Place Homeowners Association Of Raleigh, Inc. ("the Association") is a corporation with a mailing address of 2180 W. State Road 434, Suite 5000, Longwood, Fl 32779, and a principal office address of 3700 National Drive, Suite 203, Raleigh, NC 27612. Except as herein admitted, the allegations contained in paragraph 7 of the Complaint are denied.

8. It is admitted by Defendants that the Association, through its agents, collects unpaid homeowners association assessments and other debts owing to it; and using the mails and the Courts of North Carolina. Except as herein admitted, the

2

allegations contained in paragraph 8 of the Complaint are denied.

9. The allegations contained in paragraph 9 of the Complaint are, for purposes of this action only, not denied.

10. The allegations contained in paragraph 10 of the Complaint are, for purposes of this action only, not denied.

11. The allegations contained in paragraph 11 of the Complaint are denied.

12. The allegations contained in paragraph 12 of the Complaint are admitted.

13. The allegations contained in paragraph 13 of the Complaint are, for purposes of this action only, not denied.

14. It is admitted by Defendants that Sentry, prior to referring the matter to counsel, takes actions in an attempt to collect assessments owing to the Association. Except as herein admitted, the allegations contained in paragraph 14 of the Complaint are denied.

15. It is admitted by Defendants that, on or about July 15, 2013, Sentry sent a letter to Plaintiff in which it contended that Gustavo Romanello and Acela Romanello ("the Romanellos") were obligated to the Association for an assessment that had come due and owing relating to their presumed ownership of property at 5445 Thunderidge Drive, Raleigh, NC 27610 ("the Property"). Except as herein admitted, the allegations

contained in paragraph 15 of the Complaint are denied. It is specifically denied that Plaintiff included a copy of Exhibit A with the Complaint.

16. It is admitted by Defendants that, on or about January 11, 2013, title to the Property transferred from the Romanellos to Bank United, N.A. ("Bank United") pursuant to the terms of a Substitute Trustee's Deed recorded in Book 15098, Page 1151 of the Wake County Registry. Except as herein admitted, the allegations contained in paragraph 16 of the Complaint are denied. It is specifically denied that Plaintiff included a copy of Exhibit B with the Complaint.

17. The allegations contained in paragraph 17 of the Complaint are denied.

18. Defendants do not have a copy of the letter referenced by Plaintiff; Plaintiff has not attached a copy of the same to the Complaint; however, the allegations contained in paragraph 18 of the Complaint are, on information and belief, admitted.

19. Defendants do not have a copy of the letter referenced by Plaintiff; Plaintiff has not attached a copy of the same to the Complaint; however, the allegations contained in paragraph 19 of the Complaint are, on information and belief, admitted. It is specifically denied that Plaintiff included a copy of Exhibit C with the Complaint.

20. It is admitted by Defendants that, on August 19, 2013, it mailed a Late Notice to Plaintiff; and that a true and accurate copy of the same is attached hereto as Exhibit 5 and fully incorporated herein by reference. It is further admitted by Defendants that, on August 26, 2013, it sent a Verification of Debt Notice to Plaintiff; and that a true and accurate copy of the same is attached hereto as Exhibit 6 and fully incorporated herein by reference.

21. The allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied.

23. Paragraph 23 contains a demand to which Plaintiff is not required to respond. Except as herein admitted, the allegations contained in paragraph 23 of the Complaint are denied.

24. Defendants' responses to the allegations contained in paragraphs 1 through 23 of the Complaint are incorporated herein by reference as if set out in full.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. It is admitted by Defendants that, although they were unaware of the fact, Plaintiff did not owe the $246.00 set forth in the Late Notice. Except as herein admitted, the allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. Defendants' responses to the allegations contained in paragraphs 1 through 29 of the Complaint are incorporated herein by reference as if set out in full.

31. The allegations contained in paragraph 31 of the Complaint are denied.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. It is admitted by Defendants that they requested payment of $246.00 that Plaintiff did not owe to the Association. Except as herein admitted, the allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The allegations contained in paragraph 35 of the Complaint are denied.

36. Defendants' responses to the allegations contained in paragraphs 1 through 35 of the Complaint are incorporated herein by reference as if set out in full.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

**FIRST AFFIRMATIVE DEFENSE**

NOW COMES Defendants, by and through the undersigned counsel, and as their first affirmative defense, show the following:

1. Defendant Summer Place Homeowners Association, Inc. ("the Association") is a non-profit corporation organized and existing under the laws of the State of North Carolina, with a registered office in Wake County, North Carolina.

2. Defendant Sentry Management Inc. ("Sentry") is a corporation, organized and existing under the laws of the State of Florida, with an office and principal place of business in Longwood, Florida.

3. On August 18, 2001, Centex Homes, a Nevada General Partnership, was the owner of a tract of land in Wake County, North Carolina, commonly known as "Summer Place Subdivision".

4. On August 18, 2001, Centex Homes recorded, in Book 9078, Page 2476 of the Wake County Registry, a certain Declaration of Covenants, Restrictions and Easements for Summer Place Subdivision ("the Declaration"). A true and accurate copy of the Declaration is attached hereto as Exhibit 1 and fully incorporated herein by reference.

5. The Association is the homeowners association created pursuant to the terms of the Declaration; all property in the Summer Place Subdivision is made subject to the Declaration, and any entity owning property within the Summer Place Subdivision is obligated to pay the Association homeowner's association dues as they come due.

6. During all relevant times, Sentry provided property management services to the Association.

7. On July 25, 2005, Plaintiff Acela Romanello and her husband, Gustavo Romanello (collectively "the Romanellos") acquired title to property in the Summer Place Subdivision, commonly identified as 5445 Thunderidge Drive, Raleigh, NC 27610 ("the Property") by North Carolina General Warranty Deed recorded in Book 11485, Page 1306 of the Wake County Registry. A true and accurate copy of that North Carolina General Warranty Deed is attached hereto as Exhibit 2 and fully incorporated herein by reference.

8. The Association was given notice of the transfer of title from Centex Homes by the Romanellos' closing counsel; the Association noted their ownership, and billed the assessments to the Romanellos at their address.

9. In accordance with the provisions of the Declaration, and applicable North Carolina law, the Romanellos were obligated to pay semi-annual homeowners association assessments to the Association.

10. The Romanellos regularly paid their semi-annual assessments to the Association, and, on December 17, 2012, as shown by the Statement Of Retained Account History dated March 19, 2014 ("the March 14 Statement"), paid their semi-annual assessments for the semi-annual period from January 1, 2013 through June 30, 2013. A copy of the March 14 Statement is attached hereto as Exhibit 3 and fully incorporated herein by reference.

11. On January 11, 2013, in connection with a foreclosure proceeding against the Romanellos by their mortgage lender, title to the Property was transferred from the Romanellos to Bank United, by Substitute Trustee's Deed recorded in Book 15098, Page 1151 of the Wake County Registry ("the Substitute Trustee's Deed). A true and accurate copy of the Substitute Trustee's Deed is attached hereto as Exhibit 4 and fully incorporated herein by reference.

12. Neither Defendant received notice, from any source, that title to the Property had been transferred from the Romanellos to Bank United.

13. On July 1, 2013, the semi-annual assessment of $220.50 came due and owing with respect to the Property.

14. On or about July 15, 2013, in accordance with its regular practice, Sentry would have send a late notice to the owners of the Property.

15. On or about July 15, 2013, Defendants records reflected that the Property was owned by the Romanellos; and, on information and belief, a late fee was assessed to the an account maintained in the name of the Romanellos.

16. On August 19, 2013, Sentry sent to the Romanellos, on behalf of the Association, a Late Notice. A true and accurate copy of the Late Notice is attached hereto as Exhibit 5 and fully incorporated herein by reference.

17. On information and belief, prior to August 26, 2013, Gustavo Romanello, in response to the Late Notice, sent a letter requesting verification of the debt reflected in the late notice.

18. On August 26, 2013, in response to the request for verification, sent to the Romanellos a "Verification Of Debt Notice". A true and accurate copy of the Verification Of Debt

Notice is attached hereto as Exhibit 6 and fully incorporated herein by reference.

19. Prior to sending the Verification Of Debt Notice, Sentry reviewed its accounts and records, but, having received no notice from any source that title had transferred, did not perform a title search.

20. On September 19, 2013, Bank United paid all outstanding obligations associated with the Property, including those sums reflected in the Late Notice; Sentry was given notice that title had passed from the Romanellos, and Defendants thereafter adjusted their records appropriately.

21. On March 14, 2014, the Association received a letter from Gustavo Romanello ("the Demand Letter"), threatening suit for violation of the Fair Debt Collection Practices Act and the North Carolina Debt Collection Act. A true and accurate copy of that letter, with all enclosures, is attached hereto as Exhibit 7 and fully incorporated herein by reference.

22. On March 19, 2014, Defendants responded by letter from counsel, to the Demand Letter. A true and accurate copy of that response is attached hereto as Exhibit 8 and fully incorporated herein by reference.

23. After March 19, 2014, Gustavo Romanello sent a letter to counsel for Defendants. A true and accurate copy of that

letter is attached hereto as Exhibit 9 and fully incorporated herein by reference.

24. On April 2, 2014, Defendants responded to the letter from Gustavo Romanello (Exhibit 9) by letter from counsel. A true and accurate copy of that letter is attached hereto as Exhibit 10 and fully incorporated herein by reference.

25. Defendants received no response to the April 2, 2014 letter from counsel.

**SECOND AFFIRMATIVE DEFENSE**

Defendants mistakenly identified the Romanellos as the obligors of the assessment which had come due on July 1, 2013; Chapter 75 was not intended to provide a remedy to individuals mistakenly identified as obligors; and, therefore, Plaintiff's Chapter 75 claims must be dismissed. *See, Fisher v. Eastern Air Lines*, 517 F.Supp. 679 (M.D.N.C. 1981).

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Defendants' conduct occurs in the specific context of debt collection; and if Plaintiff has a defense under Article 2 of Chapter 75 of the North Carolina General Statutes, it would preclude any claim under any other provision of Chapter 75. *See*, *DirectTV, Inc. v. Cephas*, 294 F.Supp.2d 760 (M.D.N.C. 2003).

**FOURTH AFFIRMATIVE DEFENSE**

The provisions of the Federal Fair Debt Collection Practices Act pre-empt claims under the North Carolina Debt Collection Act.

**FIFTH AFFIRMATIVE DEFENSE**

If any of the acts outlined in the First Affirmative Defense constitute a violation of the Federal Fair Debt Collection Practices Act, the violation was unintentional and resulted from a bona fide error notwithstanding maintenance of account review procedures reasonably adopted to avoid such error.

WHEREFORE, Defendants respectfully pray judgment of this Court as follows:

1. That Plaintiff have and recover nothing of Defendants; and

2. That the Complaint be dismissed, with prejudice; and

3. That Defendants have and recover of Plaintiff the reasonable attorney's fees incurred in connection with defense of Plaintiff's Chapter 75 claims; and

4. That Defendants have and recover of Plaintiff the costs incurred in defense of this action; and

5. That Defendants have such other and further relief as to the Court seems just and proper.

This the 5th day of October, 2014.

        HARRIS & HILTON, P.A.

        By: <u>s/ Nelson G. Harris</u>
            Nelson G. Harris
            NC Bar Number 16660
            7320 Six Forks Road, Suite 100
            Raleigh, NC  27615
            Email:  Nharris@hfhlaw.com
            Telephone:  (919) 848-6164

**CERTIFICATE OF SERVICE**

  The undersigned, being first and duly sworn, deposes and says that he served  copy of the foregoing Answer upon Plaintiff by CM/ECF if she is registered, and by depositing a copy thereof in the United States mail, first class postage pre-paid, and addressed as follows:

  Ms. Acela Romanello
  5317 Cottage Bluff Lane
  Knightdale, NC  27545

This the 5th day of October, 2014.

        HARRIS & HILTON, P.A.

        By: <u>s/ Nelson G. Harris</u>
           Nelson G. Harris
           NC Bar Number 16660
           7320 Six Forks Road, Suite 100
           Raleigh, NC  27615
           Email:  Nharris@hfhlaw.com
           Telephone:  (919) 848-6164